Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This opinion is in response to your request for our interpretation of certain language in s 52 of Ch. 82-226, Laws of Florida (HB 21-D). Your letter of inquiry poses the following questions:
 1. ARE SPECIAL ASSESSMENTS IMPOSED BY MUNICIPAL SERVICE TAXING OR BENEFIT UNITS REQUIRED TO BE INCLUDED IN THE NOTICE OF PROPOSED PROPERTY TAXES AS SET FORTH IN s 200.069, F.S., AS AMENDED?
 2. IF THE ANSWER TO QUESTION NO. 1 IS IN THE AFFIRMATIVE, WHERE ON THE NOTICE SHOULD SUCH SPECIAL ASSESSMENTS BE SET FORTH, OR TO STATE THE QUESTION DIFFERENTLY, WHICH SECTION, SUBSECTION OR LANGUAGE IS CONSIDERED AS HAVING BEEN AMENDED OR MODIFIED BY THE LANGUAGE FOUND IN s 197.214(2), F.S., AS AMENDED?
 3. MUST THE AMOUNT OF SUCH SPECIAL ASSESSMENT BE INCLUDED ON THE TAX BILL AS PREPARED BY THE TAX COLLECTOR?
 4. MUST THE AMOUNT OF SUCH SPECIAL ASSESSMENT BE INCLUDED ON THE TAX ROLL BY THE PROPERTY APPRAISER PRIOR TO THE CERTIFICATION OF THE TAX ROLL BY THE PROPERTY APPRAISER TO THE TAX COLLECTOR FOR COLLECTION?
Section 52 of Ch. 82-226 amended s 197.214, F.S., to read as follows:
197.214 Special assessments and service charges assessment; method of collection. —
(1) Special assessments assessment liens on property in special districts and municipal service taxing or benefit units shall be collected as provided for ad valorem taxes under this chapter, whether the districts or units are
created by general or special law or by county ordinance which now exists or which may become law.
(2) The collection of such special assessments shall be subject to all collection provisions of this chapter, including provisions relating to discount for early payment, prepayment by installment method, penalty for delinquent payment, and issuance of tax certificates and tax deeds for nonpayment, and to all notice provisions of s. 200.069.
(3) The tax collector of each county may act as agent for the county in collecting service charges, if the board of county commissioners of the county and the tax collector establish by agreement a manner in which service charges may be collected. The board of county commissioners shall compensate the tax collector for the actual cost of collecting such service charges. However, tax certificates and tax deeds may not be issued for nonpayment of service charges, and such charges shall not be included on a bill for ad valorem taxes.
QUESTION ONE
The answer to Question One is in the affirmative. The provisions of newly created s 197.214(2) cited above, expressly make special assessments imposed by municipal service taxing or benefit units subject to the provisions of s 200.069, F.S. (dealing with notice of proposed property taxes) by specific reference to the notice provisions of said s 200.069.
In your letter of request you note that provisions of s 200.069, F.S., pertain solely to the manner of notifying property owners as to proposed property taxes and that special assessments are not referred to within the body of said s 200.069. The fact that special assessments are not expressly referred to within the body of s 200.069 appears to be inconsequential. In the case of In re Opinion to the Governor, 60 So.2d 321 (Fla. 1952), the Florida Supreme Court ruled that where one statute requires a procedure set forth in another statute to be followed, the fact that the latter statute, read in isolation, was not designed to cover the type of situation contemplated in the former statute is immaterial.
QUESTION TWO
Question Two deals solely with the mechanics of implementing the new requirement that special assessments imposed by municipal service taxing or benefit units are subject to the notice provisions of s 200.069, F.S. The question arises because both the form and the substance of the notice of proposed property taxes under s 200.069, as it existed prior to the passage of Ch. 82-226, Laws of Florida (and as it exists under the amended statute), are set forth in detail within the body of the statutory provisions. However, the new requirements of s 197.214, as amended by Ch. 82-226, do not set out any details as to how the statutory notice under s 200.069, as amended by s 12 of Ch. 82-226, should be amended to reflect the additional information concerning such special assessments.
Section 195.022, F.A., provides in pertinent part that:
 The Department of Revenue shall prescribe and furnish all forms to be used by property appraisers, tax collectors, clerks of the circuit court, and property appraisal adjustment boards in administering and collecting and valorem taxes. . . .
Therefore, in view of the absence of any express legislative direction concerning the format for, or the manner of, incorporating the information concerning such special assessments into the notices required under s 200.069, as amended, this is a matter which must be administratively determined by the Department of Revenue in the performance of its express statutory duty to prescribe all forms to be used by property appraisers and tax collectors. Section 200.069, as amended, prohibits any county officer from using a notice form other than that provided by the department for the purposes of s 200.069.
QUESTION THREE
In Question Three, you ask whether it is mandatory that the amount of such special assessment be included on the tax bill as prepared by the tax collector. Although the language of s 197.214, F.S., as amended by Ch. 82-226, supra, provides that the special assessments `shall be collected as provided for ad valorem taxes under this chapter,' and that the collection of special assessments imposed by municipal service taxing or benefit units shall be subject to all collection provisions of Ch. 197, F.S., there are no provisions in s 197.214, as amended, expressly directing that such special assessments must be included on the regular notice of taxes mailed annually by the tax collector under s 197.072(1), F.S.
The provisions of section 197.072(4)(a), F.S., expressly authorize the tax collector to
 mail such additional notices as he may deem proper and necessary or as may be required by reasonable rules and regulations of the Department of Revenue. . . .
In addition, the provisions of s 197.072(4)(b), F.S., make it clear that:
 The notices required in this section do not preclude the tax collector from mailing such other notices as he may deem necessary or as he may be required to mail.
If the Legislature had intended that the charges for special assessments must be placed on the regular ad valorem tax notice mailed annually by the tax collector to each taxpayer under s 197.072(1), it would have been a simple matter to have expressed this intent in the provisions of s 197.214, as amended by Ch. 82-226, supra, by an express reference to section s 197.072(1).
Our review of the legislative journals and staff summaries failed to uncover any discussion or comments pertaining to this particular question. Consequently, due to the omission of any express statutory direction and the apparent absence of any other evidence of a clear legislative intent that the special assessment charges must be placed on the regular tax notices prepared and mailed by the tax collector pursuant to s 197.072(1), it is my opinion that the answer to Question Three is in the negative. The exact manner of notifying affected property owners of the existence and amounts of any such special assessments is a determination which must also be made administratively by the Department of Revenue pursuant to its statutory duty under s195.022 to prescribe all forms to be used by tax collectors.
QUESTION FOUR
The above-cited provisions of s 197.214, F.S., as amended, expressly provide that the special assessments shall be collected as provided for ad valorem taxes under Ch. 197, and that the collection of the special assessments shall be subject to all collection provisions of Ch. 197. In addition, the notice provisions of s 200.069, are specifically incorporated by reference in s 197.214(2). However, these new provisions of s 197.214 are conspicuously silent concerning any duties of the property appraiser to enter or extend any such special assessments on the tax rolls prepared by the property appraiser pursuant to Ch. 193, F.S.
As pointed out in the opinion request letter, the preparation of assessment rolls by property appraisers has been historically limited to matters relating to the valuation and assessment of property for ad valorem tax purposes. Special assessments are levied under the taxing power and are a peculiar species of taxation, cf., AGO 082-9. However, special assessments are not ordinarily viewed as synonymous with ad valorem taxes, and for the purposes of this opinion, there is a clear distinction between a special assessment and an ad valorem tax.
A special assessment ordinarily is imposed by governmental agencies or units against particular parcels of property that have received a special benefit from public improvements, and the amount of such special assessment is computed by apportioning all or a part of the total cost of such public improvements among the properties especially benefited. An ad valorem tax, on the other hand, is a tax imposed for the general support of government on all nonexempt property, and the amount of the tax is a function of the millage levied by the taxing authorities against the valuation determined by the property appraiser. See, 29A Fla. Jur. SpecialAssessments s 3; and ss 192.001(1), (2) and (9), F.S.
Even though the provisions of s 52 of Ch. 82-226, supra, do make the collection of special assessments on property in special districts and municipal service taxing and benefit units subject to the collection provisions for ad valorem taxes in Ch. 197, F.S., there are no provisions made for the entry or extension of such special assessments on the property assessment roll by the property appraiser.
Section 193.114, F.S., describes in detail the format of the real and tangible personal property assessment rolls prepared by the property appraiser. A simple reference to said s 193.114 in the cited provisions of Ch. 82-226, supra, would seem to have been sufficient to evidence a legislative intent to mandate that the amount of any such special assessments must be included on the tax rolls by the property appraiser prior to the certification of said rolls to the tax collector for collection. As indicated in the above discussion in Question Three, the legislative journals and staff summaries reviewed did not contain any evidence of the legislative intent on this question.
The Attorney General, like the court, is not free to add words to a statute to support a conclusion that the plain wording of the statute does not supply; and it is a general rule of statutory construction that any doubts as to legislative intent should be resolved against the power of the court to supply missing words. See, 30 Fla.Jur. Statutes, s 83. Therefore, Question Four is answered in the negative.
In summary, based on the language contained in s 52 of Ch. 82-226, Laws of Florida, it is my opinion that special assessments imposed by municipal service taxing or benefit units are required to be included on the notice of proposed property taxes under s 200.069, F.S., as amended. However, the mechanics or techniques for implementing the inclusion of the additional information concerning such special assessments onto the notices under s200.069, F.S., as amended, not being directed by the Legislature, is a matter which must be administratively determined by the Department of Revenue pursuant to its statutory duty under s195.022 to prescribe all forms to be used by the property appraisers and tax collectors. Furthermore, there is nothing within the language of ss 12 and 52 of Ch. 82-226, or in the legislative journals and staff summaries pertaining to this act evidencing a clear legislative intent that such special assessments must be included on the regular tax notice annually mailed by the tax collector under s 197.072(1), F.S., or that such special assessments must be included or entered or extended on the property assessments rolls prepared by the property appraiser.
Sincerely,
Jim Smith, Attorney General
Prepared by: J. Terrell Williams, Assistant Attorney General